**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOAN P. FRASER,**

    **Plaintiff,**

**v.**             **Case No.  8:08-cv-379-T-23TBM**

**HILLSBOROUGH COUNTY SECTION**
**8 HOUSING and BAYOU CROSSING**
**LLP, d/b/a BAYOU CROSSING**
**APARTMENTS**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

   THIS MATTER is before the court on the *pro se* Plaintiff's Affidavit of Indigency

(Doc. 3), which the court construes as a motion to proceed *in forma pauperis*.[1]  Plaintiff's

affidavit indicates that she lacks the resources necessary to pay the filing fee for this action.

However, because I find that the Amended Complaint is frivolous or fails to state a claim, I

recommend that the court dismiss the construed motion without prejudice.

   Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement

of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

requirement ensures that the defendant is given fair notice of what the claim is and the

grounds upon which it rests.  *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To meet this standard, the

_____

[1]Plaintiff also submits an Affidavit in support of the original Complaint.  (Doc. 2).

plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 128 S. Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 740 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a complaint as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Sun*, 939 F.2d at 925 (citing *Menendez*, 817 F.2d at 739-40). However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

2

By her Amended Complaint (Doc. 5),[2] Plaintiff presents a mishmash of rambling factual assertions which neither clearly set forth the court's jurisdiction nor a factual bases supporting a claim for relief.  By my reading, the legal bases for Plaintiff's claims are as indecipherable as well.[3]  As with the original Complaint (Doc. 1), the allegations in no way fairly notice the defendants, whoever they may be, of the allegations against which they must defend.  Even though the court construes the Amended Complaint liberally in Plaintiff's favor, the Amended Complaint fails to state a cognizable cause of action and has no chance of success as currently alleged.  Accordingly, the Amended Complaint is appropriately dismissed under 28 U.S.C. § 1915(e)(2).

For these reasons, I recommend that the court deny without prejudice Plaintiff's application to proceed *in forma pauperis* (Doc. 3); dismiss without prejudice the Amended Complaint (Doc. 5); and direct the Plaintiff to file a second Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure and the Local Rules of this court within twenty (20) days of the court's Order, failing which may result in a dismissal of the action without further notice.  The Clerk shall forward to Ms. Fraser a copy of this Report and Recommendation and a brochure from the Federal Bar Association Pro Bono Civil

---

[2]The original Complaint was filed on February 25, 2008.  (Doc. 1).  It contained a similar mishmash of allegations, suggesting Plaintiff was perhaps seeking relief for breach of a rental lease, an illegal eviction for non-payment, the revocation of her Section 8 certification "because I am certainly no white man," and defamation, and perhaps age discrimination. (Doc. 1 at 3, 9).

[3]There are references to fraudulent misrepresentation, personal injury, loss of section 8 housing, eviction, violation of fair and equal housing, conspiracy to defraud, denial of fair housing, lack of process, errant rulings by a county judge, and housing in New York, none of which make any sense when read as a whole.

Litigation Project.  It is strongly urged that Ms. Fraser seek the assistance of an attorney

through this program or elsewhere before again filing papers with this court.

Respectfully submitted on this
8th day of April 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations

contained in this report within ten days from the date of its service shall bar an aggrieved party

from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla.

R. 4.20.

Copies to:
The Honorable Steven D. Merryday, United States District Judge
Pro se Plaintiff